UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WARREN LOUIS PARE,

                       Plaintiff,

    -against-                                                1:19-CV-0206 (LEK/DJS)

VALET PARK OF AMERICA, et al.,

                       Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

On February 14, 2019, pro se plaintiff Warren Louis Pare ("Plaintiff") brought this action against thirty-six different defendants based on a wide variety of accusations. See generally Dkt. No. 1 ("Complaint"). On October 19, 2020, after the Court granted motions to dismiss filed by several defendants, see Dkt. No. 60, Plaintiff filed an amended complaint, Dkt. No. 72 ("Amended Complaint") naming only two defendants, John Hogan ("Defendant") and Jordan Pare. On February 26, 2021, Hogan filed an answer, Dkt. No. 95, and on April 20, 2021, the Court granted Plaintiff's motion to dismiss Jordan Pare as a defendant, Dkt. Nos. 104, 106. Now before the Court is a motion filed by Defendant on August 13, 2021. Dkt. No. 122 ("Motion"). The motion has been styled as a motion to dismiss, however, since Defendant has already filed his answer, the Court will construe it as a motion for judgment on the pleadings pursuant to Rule 12(c). Brodie v. New York City Transit Auth., No. 96-CV-6813, 1998 WL 599710, at *4 (S.D.N.Y. Sept. 10, 1998) ("Although the defendants' motion is styled as a motion to dismiss pursuant to Rule 12(b), a motion brought after an answer has been filed is properly designated a

motion for judgment on the pleadings pursuant to Rule 12(c)."). Plaintiff opposes the Motion, Dkt. No. 129 ("Response"), and Defendant has filed a reply, Dkt. No. 131 ("Reply").

**II.     BACKGROUND**

As described in Plaintiff's Amended Complaint, Plaintiff's claims stem from Defendant's legal representation of Plaintiff in matters relating to a traffic violation. In 2016, Plaintiff obtained a vehicle from Jordan Pare's used care lot in Hudson Falls, New York. Am. Compl. at 3. Plaintiff intended to drive the vehicle to Massachusetts, but was stopped by Fort Edward Police because the vehicle lacked licence plates. Id. at 4. Plaintiff called Jordan Pare, who brought and installed licences plates on the vehicle. Id. Nonetheless, Plaintiff was issued a citation. Id.

Jordan Pare offered to pay for an attorney to address Plaintiff's citation. Id. at 5. However, Plaintiff alleges that this was part of a scheme to cause Plaintiff to face a criminal conviction. Id. Jordan Pare put Plaintiff in touch with Defendant, who would serve as Plaintiff's attorney in addressing the citation. Id. Defendant informed Plaintiff that his court hearing would be held on March 31, 2016. Id. However, the hearing occurred on March 24, 2016. Id. at 6. At the hearing, Plaintiff's right to drive in New York was suspended, but he was not informed of this result by Defendant. See id.

By happenstance, on March 25, Plaintiff decided to visit the Fort Edwards Police Station to ask for a copy of his citation. Id. at 5. There Plaintiff was informed about his suspended licence and that he could face up to a year in jail for driving with a suspended licence. Id. at 6. Plaintiff was also informed that because it was Good Friday, the Clerk's office was closed and had not yet entered the court's decision. Id. As such, Plaintiff was advised to contact the Clerk's

office the following Monday. Id. Plaintiff did so and was able to schedule a new hearing for March 31, 2016. Id.

Plaintiff attended the March 31, 2016 hearing with a friend as well as Jordan Pare and Defendant. Id. At the hearing, Defendant met privately with the prosecutor and negotiated a modification of the citation, allowing Plaintiff to pay a fine but preventing suspension of his licence. Id. at 7. Jordan Pare agreed to pay the fine and the attorney's fee. Id. While Plaintiff states that Defendant's "actions were intended to result in incredible damage to my reputation and he has violated my Civil Rights," Plaintiff does not further explain his legal claims. Id.

### III. LEGAL STANDARD

Any party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). Courts will assess whether judgment on the pleadings is warranted "by the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted." Rubeor v. Town of Wright, 191 F. Supp. 3d 198, 202–03 (N.D.N.Y. 2016) (Kahn, J.). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678, 129 S.Ct. 1937 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Put another way, a claim is plausible if it is supported by "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556, 127 S.Ct. 1955. In assessing whether this standard has been met, courts must "accept as true all allegations in the complaint." Houston v. Colvin, No. 12-CV-3842, 2014 WL 4416679, at *4 (E.D.N.Y. Sept. 8, 2014) (quoting Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008)). "[B]ecause [the Defendant is] the moving party, the Court will view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of [the plaintiff]." Am. Mgmt. Servs., Inc. v. Ray Weiner, LLC, No. 12-CV-947, 2014 WL 381470, at *1 (D. Conn. Feb. 3, 2014) (citing Madonna v. U.S., 878 F.2d 62, 65 (2d Cir. 1989)).

**IV.    DISCUSSION**

In his Motion, Defendant argues that Plaintiff has attempted to allege a violation of 42 U.S.C. § 1983 and that such a claim must be dismissed because Defendant is not a state actor. Mot. at 1. To the extent that Plaintiff alleges claims under § 1983, Defendant is correct. "The conduct of private persons or entities, no matter how discriminatory or wrongful, generally does not constitute state action and therefore cannot form the basis of a Section 1983 claim." Harrison v. New York, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required to show state action," Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003), and a private attorney representing a client, without more, is not a state actor. See Nealy v. Berger, No.

08-CV-1322, 2009 WL 704804, at *4 (E.D.N.Y. Mar. 16, 2009) (noting that even public defenders and court-appointed counsel do not qualify as state actors).

Plaintiff responds by noting that he has not explicitly alleged a § 1983 claim. Resp. at 1. Indeed, Plaintiff has merely alleged facts without specifying any particular legal claim. See generally Am. Compl. The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. See, e.g., Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Indeed, the Second Circuit has admonished district courts to use their own imaginations in identifying potential claims raised by a pro se plaintiff's pled facts and not to be limited to any legal claims set out in the pleadings. Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). Here, aside from a § 1983 claim, the only type of claim the Court can imagine arising from the facts alleged is a state law legal malpractice claim.

Because Plaintiff has not alleged diversity jurisdiction,[1] this Court would only have subject matter jurisdiction to consider such a claim to the extent that supplemental jurisdiction is provided for under 28 U.S.C. § 1367. Subsection (a) of that section provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Given the sprawling nature of Plaintiff's original complaint, it is not immediately clear whether a legal malpractice claim would meet this

---

[1] While the parties may be diverse, Plaintiff has failed to allege that the amount in controversy exceeds $75,000 as required under 28 U.S.C. § 1332.

standard. However, the jurisdictional question can be more easily resolved under § 1367(c). Under that subsection, a "district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction" 28 U.S.C. § 1367(c). Where, as here, any federal claims have been dismissed at a relatively early stage of litigation, courts often decline to exercise subject matter jurisdiction. See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003); Tops Markets, Inc. v. Quality Markets, Inc., 142 F.3d 90, 103 (2d Cir. 1998) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice.") (citing Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). The Court elects to do so here. To the extent that Plaintiff alleges legal malpractice or other state law claims, the Court dismisses those claims without prejudice for lack of subject matter jurisdiction.[2]

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's motion for judgment on the pleadings (Dkt. No. 122) is **GRANTED** and Plaintiff's claims against Defendant are **DISMISSED** without prejudice; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

---

[2] The Court notes that, even if it had subject matter jurisdiction, it would be required to dismiss a claim for legal malpractice. Under New York law, one element of a legal malpractice claim is "a proximate causal connection between the negligent conduct and the resulting injury." Am. Med. Distributors v. Macdonald Tuskey, No. 16-CV-6016, 2018 WL 1478301, at *8 (S.D.N.Y. Mar. 23, 2018). Here, Plaintiff has failed to even allege an injury.

Case 1:19-cv-00206-LEK-DJS   Document 132   Filed 11/29/21   Page 7 of 7

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   November 29, 2021
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

7